[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]

United States Court of Appeals
For the First Circuit

No. 98-1451

PEERLESS INSURANCE COMPANY,

Plaintiff, Appellee,

v.

ANNIE'S, INC., GARY C. KRYSTA, ANN KRYSTA
and DAVID RIVERA,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Selya, Circuit Judge,

Aldrich and Coffin, Senior Circuit Judges.

Jeffrey S. Michaelson with whom Michaelson, Michaelson &
Zurier, Thomas R. Bender and Hanson, Curran, Parks & Whitman were
on brief for appellant.
Gerald C. DeMaria with whom Stephen B. Lang, Patrick B.
Landers and Higgins, Cavanagh & Cooney were on brief for appellee.

December 1, 1998

Per Curiam. In this case Annie's, Inc., a small dry
cleaning business, obtained a so-called Business Protector
Policy from Peerless Insurance Company (Peerless). In June of
1994, while the policy was in effect, Derek Gagnon, an Annie's
employee, was driving a step-van on Annie's business when he
collided with another vehicle. David Rivera, a pedestrian,
was injured as a result of the collision and sued Annie's. 
Gary Krysta, an owner and employee of Annie's, owned the van,
but Annie's used, maintained, and stored the van and paid the
expenses of keeping it on the road. Krysta had acted on
behalf of Annie's when he instructed Gagnon to drive the van
on Annie's pickup route. 
Naming Annie's, Krysta, and Gagnon as defendants,Peerless sought a declaratory judgment that it owed no duty to
defend or indemnify Annie's for claims arising out of the
collision. The district court ruled in its favor, and we
affirm.
The court's rulings related to two parts of the
policy: the general liability provisions as diminished by an
exclusion clause, and an endorsement providing special
additional coverage. As to the first, the district court, in
an extensive memorandum, addressed defendants' contention that
a provision excluding from coverage bodily injury and property
damage arising out of the entrustment of an auto to others did
not apply when the injury or damage was due to the negligent
selection, training, or supervision of the driver. The
exclusion clause makes no such exception. The district
court's memorandum fully demonstrated the unsoundness of
defendants' contention.
The court's ruling on the second claim was equally
correct, but might be supplemented. The endorsement provided
coverage for damage caused by use, in the insured's business,
of a "non-owned auto," which it defined as an auto not owned,
leased, hired, or borrowed by the insured. Defendants'
contention that Gagnon, rather than Annie's, was the borrower
is totally unrealistic. Annie's maintained and stored the
van and controlled its use. Gagnon had no control other than
to do what Krysta, as Annie's agent, instructed him. Clearly
Gagnon was not the borrower. Any claim of ambiguity, whether
in the policy or in the circumstances, is untenable.
Even more unpersuasive is defendants' claim that
Peerless' construction makes the endorsement meaningless. Use
of an employee's personal car might at least raise a duty to
defend. How much coverage does an insured expect if it
chooses an endorsement with a $41 annual premium?
Affirmed.